UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

REINALDO MORALES, JR. #12831-040

        Petitioner,

v.                                                     Case No. 1:08-CV-914

UNITED STATES OF AMERICA,            HON. GORDON J. QUIST

        Respondent.
_____/

**MEMORANDUM OPINION AND
ORDER DENYING MOTION TO RECUSE**

Petitioner filed a Motion to Recuse pursuant to 28 U.S.C. § 455(a), which provides, "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Subsection (b) of § 455 describes five specific circumstances in which a judge must recuse, but Petitioner does not specifically mention any of those provisions. Subsection (b)(1) of § 455 is the only subsection of § 455(b) the Court finds could be arguably applicable. After reviewing the pleadings and affidavits, the Court concludes Petitioner is not entitled to relief.

Petitioner alleges the Court communicated ex parte with Ms. Hughes, a witness at Petitioner's sentencing. Petitioner relies on a portion of the sentencing transcript and quotes the Court as saying, during Ms. Hughes's testimony:

> I'm sorry, Mr. Houghtaling. I'm going to take a break. I hate to interrupt you, but we have been here for a couple of hours because we had a matter just before you came in. I have sort of a deal with her and there is something I want to check out before five o'clock.

Sentencing Tr. at 77. Petitioner claims this statement is proof of ex parte communication between the Court and Ms. Hughes. Petitioner avers this alleged communication demonstrates bias or the appearance of bias, and asks the Court to recuse itself accordingly.

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992) (citation omitted). *See also Hall v. Dworkin,* 829 F. Supp. 1403, 1408 (N.D.N.Y. 1993) (noting that "there is a 'substantial burden' on the moving party to demonstrate that the judge is not impartial"). Whether a motion to recuse should be granted is a matter committed to the district court's discretion. *See United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005).

The Sixth Circuit applies an objective standard to recusal under § 455. *See Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). "A district judge is required to recuse himself only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* (internal quotations omitted). When § 455(b)(1) is urged as the basis for recusal, "the issue is whether 'a reasonable person would be convinced the judge was biased.'" Petitioner also refers to 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Sections 144 and 455(b)(1) are essentially duplicative, except that Section 455(b)(1) applies to all justices, judges, and magistrate judges (as opposed to only district judges) and places the obligation to identify the grounds for recusal upon the judge, rather than upon the parties. *See Bell v. Johnson*, 404 F.3d 997, 1004 n.7 (6th Cir. 2005). *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (quoting *Lac du Flambeau Indians v. Stop Treaty Abuse-Wis., Inc.*, 991

F.2d 1249, 1255 (7th Cir. 1993) (citations omitted)). Generally, "'[p]ersonal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). Not all alleged biases or predispositions warrant recusal pursuant to § 455(a) or § 455 (b)(1). The Supreme Court has held that "predispositions developed during the course of a trial will sometimes (albeit rarely) suffice," and "*some* opinions acquired outside the context of judicial proceedings . . . will *not* suffice." *Liteky v. United States*, 510 U.S. 540, 554, 114 S. Ct. 1147, 1157 (1994).

In this case, the sole basis for Petitioner's motion is his untrue and unsubstantiated claim that the Court communicated ex parte with Hughes. The only evidence Petitioner offers is a portion of the sentencing transcript Petitioner assumes refers to Hughes. It does not. Petitioner's assumption is unwarranted. The transcript cannot and does not provide the nonverbal contextual elements required to understand the off-the-record events to which the Court referred. They had nothing to do with Petitioner's case, nor does the Court find that the evidence supports a reasonable inference that they did. In fact, the transcript reveals that the Court was referring not the Hughes, but to something that transpired before the parties arrived.[1] The Court discerns no basis upon which a reasonable person might question the Court's impartiality or determine it may be biased. Accordingly, the Court denies the motion.

Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Recusal (docket no. 6) is **DENIED**.

Dated: December 8, 2008              /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE

---

[1] The "her" referred to is the court reporter. The "deal" is that the court would give its reporter a break every 1½ hour.